## SCOBIE v. CONNOR.

(Supreme Court, Special Term, Westchester County. March 6, 1916.)

EXEMPTIONS ⊜⇒50—INSURANCE POLICY.

A policy on the life of insured, a judgment debtor, based on the 20-year guaranteed interest bond plan, which, by its terms, was payable on the death of the insured to his wife, provided that, if the insured should be living at the end of the accumulation period, he should be entitled to a choice of options, including one to surrender the policy for its cash value. On the date of maturity the insured elected to surrender the policy and receive the cash value. *Held*, that in such case the proceeds of the policy were liable for insured's debts, the wife not having a vested interest as in case of ordinary life policies, and in proceedings supplementary to execution a receiver to take charge of such moneys should be appointed.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 75; Dec. Dig. ⊜⇒50.]

Action by Robert Scobie against John Connor. Application for the appointment of a receiver in proceedings supplementary to execution. Receiver appointed.

John J. O'Grady, of New York City, for judgment creditor.
Charles D. Millard, of Tarrytown, for judgment debtor.

TOMPKINS, J. This is an application for the appointment of a receiver in proceedings supplementary to execution. It appears without dispute that the New York Life Insurance Company issued its policy of insurance for $1,000 on the life of the judgment debtor on the 20-year guaranteed interest bond plan, with a 20-year accumulation, which policy was, by its terms, payable in the event of the death of the insured to Annie Connor, his wife. The policy further provided that if the insured should be living at the end of said accumulation period, namely, on the 19th day of February, 1916, he should be entitled to a choice of certain options under said policy, one of which was to surrender the same to the company for its entire value in cash.

The 20-year accumulation period was completed on the 19th day of February, 1916, and on that day the insured filed with the insurance company a written notice to the effect that he desired to receive said entire cash value of said policy, which said cash value was and is the sum of $1,290.28, and that the insurance company now holds said sum to the credit of the insured, the judgment debtor, subject only to the injunction contained in the order for the judgment debtor's examination in this proceeding. Subject only to the said injunction, the defendant and judgment debtor is concededly entitled to the said sum of $1,290.28. It is his property, and only for the injunction herein he could receive it himself, or assign or transfer it to suit himself.

In these circumstances, I think the money is subject to the payment of the judgment herein, and that this motion for the appointment of a receiver should be granted. If the insurance policy were an ordinary straight life policy, payable to the wife, thereby giving her a vested interest therein, she, of course, could not be deprived of such interest by any creditor of the husband; but where a policy provides

for a cash surrender value, payable to the insured, and which he may elect to collect and receive without the consent of the wife, and he does so elect, and the money is set apart for and immediately payable to him, such moneys thereby become liable for his debts. The case of Grems v. Taver, 148 N. Y. Supp. 200, cited by counsel for the judgment debtor, does not hold to the contrary.

Motion granted, and order signed.